**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERLAN LYNELL DICEY, | No. 17-15745 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02018-JAM-AC |
| v. | |
| W. HANKS; L. BETTI, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

California state prisoner Berlan Lynell Dicey appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2015).  We affirm.

The district court properly granted summary judgment because Dicey did not properly exhaust his administrate remedies, and Dicey failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (describing limited circumstances in which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly[.]" (citation, internal quotation marks, and emphasis omitted)).

The district court did not abuse its discretion in denying Dicey's motion to amend the judgment under Fed. R. Civ. P. 59(e) because Dicey did not present newly discovered evidence, demonstrate clear error by the district court, or present an intervening change in controlling law.  *See Carroll v. Nakatani*, 342 F.3d 934, 940, 945 (9th Cir. 2003) (setting forth standard of review and discussing when reconsideration is appropriate under Fed. R. Civ. P. 59).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (absent unusual circumstances, only the district court record is considered on appeal).

We do not consider issues that were not raised in the opening brief.  *See*

17-15745

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**